UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-21213-KMW

JAMES SMITH,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Defendant, Carnival Corporation d/b/a Carnival Cruise Line ("Carnival"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Fifth Amended Complaint and Demand for Trial by Jury ("Complaint") [D.E. 97], as follows:

## PARTIES AND JURISDICTION

1. Carnival denies that Plaintiff is entitled to damages, interest, costs, and/or attorneys' fees.

2. Carnival admits, for jurisdictional purposes in this litigation only, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3. Carnival denies the allegations contained in Paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4.     Carnival admits the allegations contained in Paragraph 4 of the Complaint for purposes of this litigation only. The ticket contract between Carnival and Plaintiff contains a venue and forum selection provision.

5.     Carnival denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information to justify a belief therein.

6.     Carnival denies the allegations contained in Paragraph 6 of the Complaint.

7.     Carnival admits for purposes of this litigation only that this Court has personal jurisdiction over this Defendant.

8.     Carnival admits for purposes of this litigation only that this Court has personal jurisdiction over this Defendant.

9.     Carnival admits for purposes of this litigation only that this Court has personal jurisdiction over this Defendant.

10.    Carnival denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

## DEFINITIONS AND FACTUAL ALLEGATIONS

11.    Carnival admits for purposes of this litigation only that it operated the medical center onboard the subject vessel on the date of the incident alleged in Plaintiff's Complaint; all else denied..

12.    Carnival admits for purposes of this litigation only that it operated the subject cruise ship, the Carnival *Glory*, on the date of the incident alleged in the Complaint; all else denied.

13.    Carnival denies the allegations contained in Paragraph 13 of the Complaint.

14.    Carnival denies as phrased the allegations contained in Paragraph 14 of the Complaint.

15.     Carnival denies the allegations contained in Paragraph 15 of the Complaint.

16.     Carnival denies the allegations contained in Paragraph 16 of the Complaint.

17.     Carnival denies the allegations contained in Paragraph 17 of the Complaint.

18.     Carnival denies the allegations contained in Paragraph 18 of the Complaint.

19.     Carnival denies the allegations contained in Paragraph 19 of the Complaint.

20.     Carnival denies the allegations contained in Paragraph 20 of the Complaint.

21.     Carnival denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT I
## VICARIOUS LIABILITY AGAINST CARNIVAL FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

22.     Carnival adopts, re-alleges, and re-avers its responses to Paragraphs 1 through 21, *supra,* as if fully contained herein and further responds as follows.

23.     Carnival admits only that it owed a duty of reasonable care under the circumstances.

24.     Carnival admits only that it owed a duty of reasonable care under the circumstances.

25.     Carnival denies the allegation contained in Paragraph 25 of the Complaint.

26.     Carnival denies the allegation contained in Paragraph 26 of the Complaint.

27.     Carnival denies the allegation contained in Paragraph 27 of the Complaint.

28.     Carnival admits for purposes of this litigation only that it operated the medical center onboard the subject vessel on the date of the incident alleged in Plaintiff's Complaint; all else denied.

29.     Admitted.

30.     Admitted for purposes of this litigation only that Carnival charges passengers for the provision of medical care rendered in the medical center onboard the subject vessel; all else denied.

31.     Carnival denies the allegation contained in Paragraph 31 of the Complaint.

32.     Carnival denies the allegation contained in Paragraph 32 of the Complaint.

33.     Carnival denies the allegation contained in Paragraph 33 of the Complaint.

34.     Carnival denies the allegation contained in Paragraph 34 of the Complaint, including subparts.

35.     Carnival denies the allegation contained in Paragraph 35 of the Complaint.

36.     Carnival denies the allegations contained in Paragraph 36 of the Complaint as an incomplete and inaccurate statement of the law.

37.     Carnival denies the allegation contained in Paragraph 37 of the Complaint.

38.     Carnival denies the allegation contained in Paragraph 38 of the Complaint.

39.     Carnival denies the allegation contained in Paragraph 39 of the Complaint.

40.     Carnival denies the allegation contained in Paragraph 40 of the Complaint.

41.     Carnival denies the allegation contained in Paragraph 41 of the Complaint.

42.     Carnival denies the allegation contained in Paragraph 42 of the Complaint.

43.     Carnival denies the allegation contained in Paragraph 43 of the Complaint.

**WHEREFORE** clause: denied.

**COUNT II**
**APPARENT AGENCY FOR THE ACTS OF THE SHIP'S MEDICAL STAFF**

44.     Carnival adopts, re-alleges, and re-avers its responses to Paragraphs 1 through 21, *supra*, as if fully contained herein and further responds as follows.

45.     Carnival denies the allegations contained in Paragraph 45 of the Complaint including all subparts.

46.     Carnival denies the allegations contained in Paragraph 46 of the Complaint.

47.     Carnival denies the allegations contained in Paragraph 47 of the Complaint.

48.     Carnival denies the allegations contained in Paragraph 48 of the Complaint for lack of sufficient information to justify a belief therein.

49.     Carnival denies the allegations contained in Paragraph 49 of the Complaint.

50.     Carnival denies the allegations contained in Paragraph 50 of the Complaint.

51.     Carnival denies the allegations contained in Paragraph 51 of the Complaint.

52.     Carnival denies the allegations contained in Paragraph 52 of the Complaint.

53.     Carnival denies the allegations contained in Paragraph 53 of the Complaint including all subparts.

54.     Carnival denies the allegations contained in Paragraph 54 of the Complaint.

55.     Carnival denies the allegations contained in Paragraph 55 of the Complaint.

56.     Carnival denies the allegations contained in Paragraph 56 of the Complaint.

57.     Carnival denies the allegations contained in Paragraph 57 of the Complaint.

58.     Carnival denies the allegations contained in Paragraph 58 of the Complaint.

59.     Carnival denies the allegations contained in Paragraph 59 of the Complaint.

60.     Carnival denies the allegations contained in Paragraph 60 of the Complaint.

**WHEREFORE** clause; denied.

## COUNT III
## ASSUMPTION OF DUTY FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

61.     Carnival adopts, re-alleges, and re-avers its responses to Paragraphs 1 through 21, *supra*, as if fully contained herein and further responds as follows.

62.     Carnival admits only that it owed Plaintiff a duty to exercise reasonable care under the circumstances.

63.     Carnival admits only that it owed Plaintiff a duty to exercise reasonable care under the circumstances.

64.     Carnival denies the allegations contained in Paragraph 64 of the Complaint.

65.     Carnival denies the allegations contained in Paragraph 65 of the Complaint.

66.     Carnival denies the allegations contained in Paragraph 66 of the Complaint including all subparts.

67.     Carnival denies the allegations contained in Paragraph 67 of the Complaint.

68.     Carnival denies the allegations contained in Paragraph 68 of the Complaint.

69.     Carnival denies the allegations contained in Paragraph 69 of the Complaint.

70.     Carnival denies the allegations contained in Paragraph 70 of the Complaint.

71.     Carnival denies the allegations contained in Paragraph 71 of the Complaint.

72.     Carnival denies the allegations contained in Paragraph 72 of the Complaint.

73.     Carnival denies the allegations contained in Paragraph 73 of the Complaint.

**WHEREFORE** clause; denied.

## DEMAND FOR JURY TRIAL

Carnival denies that Plaintiff is entitled to a jury trial.

*Each and every allegation not specifically admitted is denied, including all claims for damages.*

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based upon information and belief, Carnival states as follows:

## FIRST AFFIRMATIVE DEFENSE

Carnival asserts that federal maritime law, to the exclusion of state law, is the applicable substantive law governing this action.

## SECOND AFFIRMATIVE DEFENSE

Carnival asserts that this action is governed by and subject to the terms, conditions and limitations contained within Plaintiff's Cruise Ticket Contract, and Carnival adopts and incorporates by reference the same herein in their entirety. Further, Carnival is liable, if at all, only subject to the terms contained in Plaintiff's Cruise Ticket Contract.

## THIRD AFFIRMATIVE DEFENSE

Carnival asserts that it has fulfilled its duty of reasonable care to Plaintiff and as such, Plaintiff is unable to recover.

## FOURTH AFFIRMATIVE DEFENSE

Carnival asserts that it had no notice, actual, constructive, or otherwise of any alleged dangerous condition which the Plaintiff alleges was the proximate cause of his damages and as such, Carnival is not liable to the Plaintiff based on a theory of negligence and Plaintiff is unable to recover from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Carnival asserts that it did not create or cause any dangerous or defective condition, at any time during Plaintiff's cruise, if ever.

## SIXTH AFFIRMATIVE DEFENSE

Carnival asserts that, to the extent Plaintiff's Complaint alleges that a dangerous condition existed on the vessel, which Carnival denies, any such condition was an open and obvious condition, and that Plaintiff did or should have observed and comprehended same through the ordinary use of his senses. As such, any recovery of the Plaintiff herein is barred or should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

Carnival asserts that Plaintiff's damages were caused in whole or in part by the Plaintiff's own acts of negligence including, but not limited to, the failure to exercise reasonable care for his own safety. Therefore, Plaintiff's damages, if any, must be reduced by the amount attributable to Plaintiff's comparative or relative fault therein.

### EIGHTH AFFIRMATIVE DEFENSE

Carnival asserts Plaintiff's alleged injuries were proximately caused by the conduct of third parties, not subject to the control, supervision or direction of Carnival, thereby precluding or diminishing Plaintiff's recovery.

### NINTH AFFIRMATIVE DEFENSE

Carnival asserts that Plaintiff's alleged injuries are not the proximate result of any negligence of this Defendant and/or were the result of intervening and unforeseeable causes for which Defendant owed Plaintiff no duty. As such, Plaintiff is unable to recover from this Defendant.

### TENTH AFFIRMATIVE DEFENSE

Carnival asserts that Plaintiff's alleged injuries are the result of a pre-existing injury or condition which was not aggravated by the alleged incident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged incident herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged incident.

### ELEVENTH AFFIRMATIVE DEFENSE

Carnival asserts that Plaintiff has failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries. For example, Plaintiff may have failed to comply

with the reasonable medical recommendations and instructions from her treating providers, as may

be borne out through records obtained during discovery in this matter.

### TWELFTH AFFIRMATIVE DEFENSE

Carnival asserts that Plaintiff's Complaint and each purported cause of action therein fails

to state facts which are sufficient to constitute a cause of action against Defendant.

Carnival reserves the right to file additional defenses, affirmative defenses, and claims

including but not limited to counterclaims, cross claims, and/or claims against other defendants or

third parties as further discovery in this matter may warrant or require.

**WHEREFORE**, Defendant, Carnival Corporation d/b/a Carnival Cruise Line, having

answered Plaintiff's Complaint, and raising affirmative defenses thereto, requests that Plaintiff's

action be dismissed with prejudice, with Plaintiff taking nothing, in addition to any further relief

as this Honorable Court deems just and equitable.

Dated: January 29, 2025
      Miami, Florida

**Respectfully submitted,**

*Counsel for Defendant Carnival*

*/s/ Lauren Rose*
LUIS E. LLAMAS
(Fla. Bar No.: 0089822)
LAUREN ROSE
(Fla. Bar No.: 115743)
JONES WALKER LLP
201 S. Biscayne Blvd, Suite 3000
Miami, FL 33131
Tel: (305) 679-5700
llamas@joneswalker.com
lrose@joneswalker.com
dmartinez@joneswalker.com

*Smith v. Carnival Corp.*
Case No.: 1:24-CV-21213-KMW

*s/ Walter C. Jarnagin*
WALTER COOPER JARNAGIN
(Fla. Bar No. 117767)
MICHAEL DRAHOS
(Fla. Bar No. 0617059)
ASHLEY GENOESE
(Fla. Bar No. 1019357)
GRAY ROBINSON, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, FL 33401
Tel: 561-268-5727
Fax: 561-268-5745
Cooper.jarnagin@gray-robinson.com
Michael.drahos@gray-robinson.com
Ashley.genoese@gray-robinson.com
Lilia.parker@gray-robinson.com