**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:24-CV-21213-WILLIAMS/GOODMAN**

JAMES SMITH,

      Plaintiff,

v.

CARNIVAL CORPORATION and
SCOOTAROUND, INC.,

      Defendant.

_____/

## DEFENDANT'S OMNIBUS MOTION *IN LIMINE*

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, hereby files this Omnibus Motion *in Limine* and states:

### LEGAL STANDARD FOR MOTIONS *IN LIMINE*

"Motions in limine aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Harrell v. Carnival Corp.,* No. 19-22667-CIV, 2021 U.S. Dist. LEXIS 232253, at \*1 (S.D. Fla. Dec. 3, 2021) (Martinez, J.) A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. U.S.,* 469 U.S. 38, 40, n. 2, (1984). Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402. A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. Rule 403's "major function… is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant,* 256 F.3d 1146, 1155 (11th Cir. 2001).

## MOTIONS *IN LIMINE*

I. <u>**Plaintiff should be precluded from introducing evidence, testimony, or argument that Carnival negligently caused Plaintiff's fall.**</u>

This personal injury maritime case involves Plaintiff, James Smith, who alleges he was rendered a paraplegic onboard a Carnival ship, the *Glory*. Plaintiff initially filed suit against Carnival, claiming that Carnival's negligence caused him to fall out of his motorized scooter while reversing out of one of the restaurants on the *Glory*.  [D.E. 1 at ¶ 21].  He further alleged that *this fall* caused his injuries, including paraplegia. [D.E. 1 at  ¶ ¶ 22, 46, 71, 105]. Specifically, Plaintiff alleged that he fell out of his scooter because of an "unusually small and narrow doorway" and a "lump on the floor surface that had a carpet over it." [D.E. 1, ¶ 21]. Plaintiff has since amended his Complaint five (5) times, adding the present medical negligence claims [Second Am. Complaint, D.E. 29, ¶ 136] and withdrawing his claims that Carnival's negligence caused his fall, including his claims that  a "small and narrow doorway" or a "lump on the floor" caused his fall. [Fourth Am. Complaint, D.E. 84]. Thus, Plaintiff has, essentially, dismissed his original claims alleging negligence of Carnival in causing his scooter to fall over. Plaintiff's current claim against Carnival is based solely on his allegation that the removal of his cervical neck collar is what caused his injuries. [D.E. 97, ¶ 35].

While the fact that Plaintiff fell from his scooter will necessarily need to be introduced at trial from a causation standpoint, the fact that Plaintiff has abandoned his allegation of Carnival's negligence in causing this fall is the basis of this limiting instruction. The cause of Plaintiff's alleged *injuries* will be a key issue in this trial. However, Plaintiff should not be permitted to argue

or attempt to introduce evidence or testimony that Carnival negligently caused his fall from the scooter. Chiefly, Plaintiff abandoned such claims when he voluntarily withdrew all claims apart from the current medical negligence claims. [D.E. 73, 84]. Moreover, there is <u>no evidence</u> whatsoever that Carnival negligently caused Plaintiff's fall, and Plaintiff has developed no such evidence. There is no fact discovery, nor expert testimony, nor any other evidence, to support allegations that Carnival was negligent in causing this incident. Whereas there is record evidence regarding the circumstances of Plaintiff's fall and the cause of his *injuries*, there is no evidence that Carnival's negligence caused his *fall*. Thus, Plaintiff should be precluded from arguing or attempting to introduce evidence or testimony at trial that Carnival negligently caused his fall as admission of the same is not relevant and would be highly prejudicial. Fed. R. Evid. 401, 403; *see also Plain Bay Sales, LLC v. Gallaher*, No. 18-cv-80581-MATTHEWMAN, 2022 U.S. Dist. LEXIS 27177, at *5 (S.D. Fla. Feb. 15, 2022) ("the Court sees no relevance to argument, evidence, or testimony as to (i) any dismissed or withdrawn claims").

II.   <u>**Plaintiff's should be precluded from introducing evidence, testimony, or argument that his life expectancy will surpass January 27, 2026 and any portion of his Life Care Plan exceeding the same date should be excluded**</u>.

Judge Goodman's June 30, 20205, Order on Defendant Carnival's *Daubert* Motion [D.E. 165] ("*Daubert* Order"), held that "Plaintiff's life care expert [Paul Ramos] may testify only about one year's worth of medical and rehabilitative needs, as Plaintiff has not introduced any competent evidence of Plaintiff's life expectancy beyond one year." [D.E. 165, p. 2]. In accordance with this recommendation, Carnival seeks an Order on the instant Motion *in Limine* confirming the same. Carnival raises this Motion *in Limine* in an abundance of caution as the *Daubert* Order is not yet

3

final. Should the *Daubert* Order become final while the instant Motion *in Limine* is pending, this section of the Motion will be moot.[1]

As Judge Goodman wrote, "If there are no medical experts on behalf of the Plaintiff who can offer any numeric value to his projected life expectancy, then all of Ramos' future care recommendations are without sufficient evidentiary support for any period beyond January 27, 2026." [D.E. 165, p. 31]. Thus, "because a recovery of future medical expenses cannot be grounded on the mere possibility that certain treatment might be obtained in the future, any expert opinions or other evidence couched in terms of 'possibilities' cannot be probative of future damages." *Id.* (citing *Kloster Cruise, Ltd. v. Grubbs,* 762 So. 2d 552, 556 (Fla. 3d DCA 2000); *Frei v. Alger,* 655 So. 2d 1215, 1216 (Fla. 4th DCA 1995)). Accordingly, in line with the *Daubert* Order, Carnival requests this Motion *in Limine* be GRANTED.

III.   **Plaintiff should be precluded from introducing evidence, testimony, or argument regarding any rebuttal expert opinion not properly disclosed in accordance with the Court's Scheduling Order.**

The *Daubert* Order also held that no expert witness should be permitted to testify about opinions which were not disclosed in their expert report (or at their deposition) and any evidence, testimony, or argument regarding the same should likewise not be permitted at trial. Carnival again seeks an Order on the instant Motion *in Limine* confirming the same and raises this Motion *in Limine* in an abundance of caution as the *Daubert* Order is not yet final. Should the *Daubert* Order become final while the instant Motion *in Limine* is pending, this section of the Motion will be moot.

---

[1] Judge Goodman's Order was entered on June 30, 2025, making the deadline to appeal July 14, 2025. *See* Fed. R. Civ. P. 72(a); Local Magistrate Judge Rule 4(a)(1) (providing that any party may appeal a non-dispositive Magistrate Judge Order within fourteen (14) days). While Carnival does not intend at this time to appeal Judge Goodman's Order, it cannot speak for Plaintiff, and the Order is not final until the time to appeal has lapsed.

Pursuant to the Court's Scheduling Order in this case, the deadline to disclose expert witness reports was February 28, 2025, the deadline to exchange rebuttal expert witness reports was March 21, 2025. [D.E. 104]. The parties mutually exchanged expert witness disclosures and rebuttal disclosures pursuant to the foregoing dates. For all reasons stated in Carnival's Post-*Daubert* Legal Memorandum [D.E. 160] and the Judge Goodman's *Daubert* Order [D.E. 165], all evidence, testimony, and/or argument pertaining to any expert opinion that was not timely and properly disclosed within the aforementioned reports, or at the expert's deposition, should be excluded. As Judge Goodman stated in his Order, expert opinions that were not timely and properly disclosed should be excluded. [D.E. 165] (citing M*irage Yacht, Inc. v. A 2013 63' Marquis Yachts Rec. Vessel*, No. 24-cv-21095, 2025 WL 1638057, at *4 (S.D. Fla. June 10, 2025); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 822 (11th Cir. 2009); Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008); *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007); *Wilkerson v. Carnival Corp.*, No. 23-CV-24050-MOORE/Elfenbein, 2025 WL 1635247 (S.D. Fla. June 10, 2025); Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial ….") Accordingly, Carnival requests this Motion *in Limine* be GRANTED.

IV.   **Plaintiff should be precluded from introducing evidence, testimony, or argument that Carnival negligently hired Dr. Waris.**

Carnival anticipates that Plaintiff may attempt to argue at trial that it negligently hired Dr. Muhammed Waris, the ship doctor who treated Plaintiff onboard the *Glory*. Plaintiff should be precluded from advancing any such argument or attempting to introduce evidence or testimony regarding the same at trial as no such claim is raised in Plaintiff's operative Complaint. *See* Fifth Amended Complaint, generally [D.E. 97]. "It is the complaint that must give the defendant notice

of what the plaintiff complains." *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015). Plaintiff amended his Complaint against Carnival numerous times throughout this litigation; yet none of his amended complaints, including the operative Fifth Amended Complaint, include a claim for negligent hiring. Additionally, analogous to above, there is no evidence that Carnival was negligent in hiring Dr. Waris and Plaintiff has not developed the same through discovery. Accordingly, Plaintiff should be precluded from advancing any such argument or attempting to introduce evidence or testimony at trial that Carnival negligently hired Dr. Waris. Fed. R. Evid. 401, 403.

**V.    Plaintiff should be precluded from introducing evidence, testimony, or argument that Dr. Waris is not licensed to render medical care in the United States.**

Carnival anticipates that Plaintiff may also attempt to argue at trial that Dr. Waris is not licensed to render medical care in the United States in an attempt to undermine Dr. Waris' capabilities as a medical doctor and prejudice the factfinder against him. Any such argument would be highly prejudicial to Carnival under Rule 403. Fed. R. Evid. 403. Maritime law does not require ship medical personnel to be licensed in the United States. The record evidence in this case is that Dr. Waris is a duly licensed medical professional, holding a medical degree from a prestigious medical school in China and that he is licensed to practice medicine in Pakistan and Dubai. Moreover, United States licensure is not required for shipboard medical personnel and Carnival holds its medical staff to the highest standards. *See Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) ("Maritime Law does not require that Carnival hire medical personnel who are licensed in California or in the jurisdiction of the flag of the ship. Maritime Law simply requires that if Carnival chooses to hire medical personnel, it must hire people that are competent and qualified"); *see also Cordani v. NCL (Bah.) Ltd.*, No. 15-23414-CIV-MORE, 2015 U.S. Dist.

LEXIS 160893, at *7 (S.D. Fla. Dec. 1, 2015); *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249-50 (S.D. Fla. 2014) (same)).

Evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* The prejudicial effect on Carnival of introduction of evidence regarding Dr. Waris not being a licensed United States medical professional substantially outweighs any minimal probative value such evidence provides, if any. Thus, it should be excluded under Rule 403. *Id.*

**VI.    Carnival should be permitted to introduce medical charges written off by Plaintiff's medical providers and amounts actually paid.**

In *Higgs v. Costa Crociere* S.p.A. Co., 969 F.3d 1295, 1313-14 (11th Cir. 2020), the Eleventh Circuit held that in determining the reasonable value of medical services received by a plaintiff, the jury may consider "all relevant evidence," including the amounts charged, written, off, and actually paid. In *Higgs,* the Court addressed, *inter alia,* "how to calculate past medical expense damages in a maritime tort action where, as has become common, there is a dramatic disparity between the amount a healthcare provider bills a plaintiff for treatment and the amount her insurer actually pays the provider in satisfaction." *Id.* at 1308. The Eleventh Circuit held that the appropriate measure of damages was the reasonable value determined by the jury based on its consideration of "any relevant evidence." *Id.* at 1299-1300 (emphasis added). Further, the Eleventh Circuit found that, "[b]oth the amount billed by healthcare providers and the amount paid by insurers are admissible as relevant to the question of fixing reasonable value." *Id.* at 1303-04. *See also Price v. Carnival Corp.,* 2022 US Dist. Lexis 60325, at *7-8 (S.D. Fla. Mar. 30, 2022) (granting Defendant's motion *in limine* and allowing Defendant to introduce evidence of write-offs and amounts actually paid at trial). In view of the foregoing, Defendant requests a ruling

allowing the jury to be presented with all relevant evidence in determining the reasonable value of the medical services rendered. In other words, if Plaintiff introduces evidence of his total medical *charges* Carnival should be allowed to introduce evidence as to the amounts written off by his providers and the true amounts paid in full satisfaction of those bills.

**VII.** **Evidence, testimony, and/or argument as to the following general issues should be precluded.**

    **a.** **Plaintiff should be precluded from introducing evidence or testimony as to the parties' respective wealth and/or disparity of financial resources.**

Reference to Plaintiff's financial resources (or lack thereof) is irrelevant to the issues in this case and will serve only to prejudice the jury against Carnival and in Plaintiff's favor. To be sure, evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788, 792 (3d Cir. 1974) (reversal warranted, in part, due to plaintiff's counsel's reference to disparity of resources between plaintiff and defendant); *In re. Tylenol (Acetaminophen) Marketing,* 2016 WL 3125428, *6 (E.D. Pa. 2016) (excluding evidence that plaintiff's lawyers or witnesses traveled in private jets as irrelevant); *City Provisioners, Inc. v. Anderson,* 578 So.2d 855, 856 (Fla. 5th DCA 1991). Such comments as to a party's wealth or poverty serve only to misdirect the jury's attention from the factual and legal issues at hand and are therefore improper and impermissible. Without question, "[a]rgument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove Fountain, Inc.,* 593 So. 2d 234, 241 (Fla. 5th DCA 1991); *Brough v. Imperial Sterling, Ltd.,* 297 F.3d 1172, 1178 (11th Cir. 2002) (citing *Batlemento,* 593 So.2d at 241). In light of the foregoing, this Court should not permit any reference to Plaintiff's wealth or poverty at trial.

Similarly, this Court should also disallow any reference to Carnival's alleged superior wealth and/or resources *vis-à-vis* Plaintiff. The introduction of such evidence at trial in a personal injury suit is irrelevant and results in prejudice to the defendant. *Chimine v. Royal Caribbean Cruises, Inc.,* No. 16-23775, 2017 U.S. Dist. LEXIS 220338, at *4 (S.D. Fla. Nov. 17, 2017) (granting motion *in limine* exclude evidence of parties' financial disparity); *see also Batlemento,* 593 So.2d at 241; *Geddes v. United Financial Group,* 559 F.2d 557 (9th Cir. 1977) (noting that the ability of a defendant to pay injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result). The use of similar arguments in this case should not be allowed. Accordingly, this Court should not permit any reference to the wealth, poverty, or resources of any party or any other reference to a financial disparity between the parties.

**b. <u>Plaintiff should be precluded from introducing evidence of insurance available to Carnival</u>.**

The existence of Carnival's protection and indemnity liability insurance coverage has no bearing on the jury's determination as to Carnival's alleged liability or Plaintiff's claimed damages. The law is well-settled on this issue. Accordingly, Carnival respectfully submits that pursuant to Federal Rules of Evidence 402, 403, and 411, evidence of Carnival's protection and indemnity insurance coverage is irrelevant to the issues in this case and the prejudice of submitting such evidence to the jury substantially outweighs any probative value that evidence may have. This Court should prohibit Plaintiff's counsel from referencing or introducing any evidence at trial as to Carnival's liability insurance coverage or policy limits. *See Meyer v. Carnival Cruise Lines,* No. , 2013 U.S. Dist. LEXIS 189354, at *3 (S.D. Fla. Sep. 6, 2013) (granting motion *in limine* to exclude evidence or testimony of a party's insurance coverage).

**c.** **Plaintiff should be precluded from introducing evidence of unrelated maritime media reports.**

There are frequent media reports regarding unrelated maritime incidents, including on or involving cruise ships. Evidence or argument relating to any such unrelated maritime incident would only be for purposes of influencing the jury against Carnival. Media reports and information concerning incidents or accidents on or involving other cruise ships or passengers are wholly unrelated to the instant matter. Attempts at the introduction into evidence of media investigative reports and/or news stories regarding Carnival or any other cruise line are immaterial and would serve only to confuse the issues before the jury as such media reports have nothing to do with the issues in this case. *I.B.L. Corp. v. Florida Power & Light Co.,* 400 So.2d 1288 (Fla. 3d DCA 1981) (noting that unless any such reports concern incidents which are similar in their causes and conditions, same are inadmissible); *see also Short v. Allen,* 254 So.2d 34 (Fla. 3d DCA 1971); *Railway Express Agency v. Fulmer,* 227 So.2d 870 (Fla. 1969); *Elias v. Evenflo Company, Inc.,* 2005 U.S. Dist. LEXIS 36460 (M.D. Fla. 2005). Accordingly, any reference at trial to matters unrelated to this case are misleading and wholly irrelevant, Carnival respectfully submits that Plaintiff should be precluded from making any such argument. *See* Fed. R. Evidence 401. Such argument is further excludable under Fed. R. Evidence 403, as it would only be used to confuse the issues, mislead the jury, would be highly prejudicial, would inflame the jury, and would be an inappropriate attempt to appeal to the emotions of the jury.

**d.** **Plaintiff's counsel should be precluded from making comments concerning personal knowledge or justness of cause.**

Courts have long held that an attorney may not express his/her personal opinion as to the justness of a plaintiff's case or comment on his/her personal knowledge of the facts of a case. *U.S. v. Young,* 470 U.S. 1 (1985)*; U.S. v. Swinehart,* 617 F.2d 336, 339 n. 7 (3rd Cir. 1980)*; Polansky*

*v. CNA Ins. Co.,* 852 F.2d 626, 627-28 (1st Cir. 1988)*; Fineman v. Armstrong World Indus.,* 774 F. Supp. 266, 270 (D. N.J. 1991). Carnival requests that this Court prohibit Plaintiff from doing the same here.

    e.  **Plaintiff should be precluded from urging the jury to "send a message."**

Comments by counsel urging a jury to "teach the defendant a lesson" are unfairly prejudicial, and the allowance of same constitutes reversible error. For example, in *Neal v. Toyota Motor Corp.,* 823 F. Supp. 939, 942-45 (N.D. Ga. 1993), plaintiff's counsel made a "send the message argument" that the Court found highly inappropriate. The messages included a request that the jury "render a verdict that tells [Defendant] the truth." *Id.* "Send a message" rhetoric is improper. *See Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788, 792 (3d Cir. 1974) (finding that plaintiff's counsel's closing argument which asked jury to "send a message" to the defendant was improper); *Erie Insurance Co. v. Bushy,* 394 So. 2d 228, 229 (Fla. 5th DCA 1981) (holding that plaintiff's attorney request of jurors to "send a message to those people and let them know that they are going to have to pay a penalty" constituted an improper argument). Accordingly, this Court should prohibit similar arguments in this case.

**WHEREFORE**, Defendant, Carnival Corporation, respectfully requests this Honorable Court enter an Order granting the instant Omnibus Motion *In Limine*, and for any and all other relief this Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for the parties have conferred regarding the relief sought in this Motion and that the Plaintiff opposes this Motion.

11

Dated: July 14, 2025

**Respectfully submitted,**

*/s/ Luis E. Llamas*
LUIS E. LLAMAS (Fla. Bar No.: 0089822)
LAUREN S. ROSE (Fla. Bar No.: 115743)
JONES WALKER LLP
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: 305-679-5700
llamas@joneswalker.com,
lrose@joneswalker.com,
dweiner@joneswalker.com,
dmartinez@joneswalker.com

L. ETIENNE BALART (LA Bar No. 24951)
Admitted *Pro Hac Vice* [D.E. 110]
JONES WALKER, LLP
201 St. Charles Ave., Ste. 5100
New Orleans, LA 70170
ebalart@joneswalker.com

*/s/ Michael Drahos*
MICHAEL DRAHOS
(Fla. Bar No. 0617059)
WALTER COOPER JARNAGIN
(Fla. Bar No. 117767)
ASHLEY GENOESE
(Fla. Bar No. 1019357)
GRAY ROBINSON, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, FL 33401
Tel: 561-268-5727
Fax: 561-268-5745
Cooper.jarnagin@gray-robinson.com
Michael.drahos@gray-robinson.com
Ashley.genoese@gray-robinson.com
Lilia.parker@gray-robinson.com

*Counsel for Carnival*

12